# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. LEVINE, an individual,<br><br>                            Plaintiff,<br>  vs.<br><br>JANA DUCHACOVA, an individual,<br><br>                            Defendant. | CASE NO. 10cv1200-LAB (BGS)<br><br>**ORDER GRANTING MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS** |

Pending before the Court is Defendant's motion to dismiss for insufficient service of process and lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(5) and 12(b)(2).

**I.     Factual Background**

This case involves an alleged agreement between Plaintiff Robert Levine and Defendant Jana Duchacova whereby Levine would "provide Defendant with $111,923.69 for the purpose of investing on Plaintiff's behalf in a property in Bulgaria." (Compl. ¶ 5.) Levine alleges Duchacova breached this agreement by failing to deposit the money as instructed.

Although Levine says he "is informed and believes that Defendant is a citizen of and has lived for many years in Belgium," he attempted to serve Duchacova by substitute service at an address in La Jolla, California: 5559 Bellevue, La Jolla, CA 92037. (Compl. ¶ 5, Doc. No. 3.)

/ / /

The proof of service says that substitute service was made on a "co-tenant," Valerie Levine, who is Duchacova's daughter and Levine's estranged wife. According to Ms. Levine, her mother does not speak, read, or write English and has lived in Belgium since 1983. Ms. Levine lists her mother's address as: 10 A Rue Du Bois, Jumet, Charleroi, Belgium 6040. Further, Ms. Levine says that the address where service was attempted is a one-room guest house that she rents and lives in with her infant daughter. Duchacova, according to Ms. Levine, has never resided at the La Jolla address, nor has she ever received mail there.

Duchacova argues service at the La Jolla address was improper under both federal and California law. Additionally, she moves to dismiss the case for lack of personal jurisdiction.

## II.   Legal Standard

Rule 4(e) of the Federal Rules of Civil Procedure governs service on individual defendants. It provides:

> an individual . . . may be served in a judicial district of the United States by . . . doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). "Defendants must be served in accordance with [Rule 4], or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citation omitted). "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Id.*

Rule 4(e) also provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in a state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In California, substitute service on an individual defendant is governed by Cal. Code Civ. P. § 415.20(b), which provides:

> [A] summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box.

Here, the issue is whether the La Jolla address qualifies as Defendant's dwelling or usual place of abode under either Rule 4(e)(2)(B) or Cal. Code. Civ. P. § 415.20.

### III. Discussion

The Court analyzes Levine's attempted service of Duchacova under both federal and California law, and it finds that service hasn't been effected under either.

#### A. Federal Law

Rule 4(e) allows for service by "leaving a copy [of the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). While a person can have more than one dwelling house or usual place of abode for purposes of Rule 4(e), each must contain "sufficient indicia of permanence." *Stars' Desert Inn Hotel & Country Club, Inc.*, 105 F.3d 521, 524 (9th Cir. 1997).

The fact that relatives of the defendant live at the address where service is attempted is insufficient, even where the defendant has been known to visit or vacation at that address. *See Agricola ABC, S.A. de C.V. v. Chiquita Fresh North America*, LLC, 2010 WL 2985500, at *4 (S.D. Cal. 2010). In *Agricola*, substitute service on two defendants who were citizens of Mexico was attempted at a family vacation home in Coronado, California. *Id.* The court determined that service was invalid, noting, "aside from the fact Defendants' wife and mother, respectively, lives at the property, there is no other evidence indicating either Defendant usually stays at the Coronado home such that it could be considered his 'usual place of abode.'" *Id.*

Here, Duchacova's only connections with the La Jolla residence are her daughter and granddaughter's presence there, and a document from the post office[1] that could indicate that at some point in the past, she listed the La Jolla address as her own. On the other

---

[1] An individual's "usual mailing address" is not an acceptable means of substitute service under Fed. R. Civ. P. 4(e), but it is under Cal. Code. Civ. P. 415(b). The postal form will therefore be addressed in the section discussing California law.

hand, Levine acknowledges that Duchacova has resided in Belgium for several years, and Duchacova's daughter stated that her mother has never received mail at the La Jolla residence. Thus, there are insufficient connections to establish that the La Jolla residence is Duchacova's dwelling house or usual place of abode under Rule 4(e). Levine has failed to effect service under federal law.

### B. California Law

In California, service can be effectuated by leaving a copy of the summons and complaint "at the person's dwelling house, usual place of abode, usual place of business . . . or usual mailing address other than a United States Postal Service post office box. . . ." Cal. Code Civ. P. § 415.20(b). For service to be proper, however, "a connection [must] be shown between the address at which substitute service is effectuated and the party alleged to be served." *Corcoran v. Arouh*, 24 Cal.App.4th 310, 315 (1994).

Levine argues that the La Jolla address, even if it isn't Duchacova's dwelling house or usual place of abode, is her mailing address. For support, Levine relies upon the declaration of the process server who attempted service at the La Jolla address. This declaration is not helpful. The process server said he attempted personal service at the La Jolla address on four separate occasions. Although on one occasion he claims to have seen a "frail-looking older woman," he admitted she "did not look at all like [a photograph of Duchacova]." The process server then had the U.S. Postal Service complete a form entitled "Request for Change of Address or Boxholder Information Needed for Service of Process." On that form, the process server provided Duchacova's name and the La Jolla address, and the postal service returned the form to the process server with an "X" next to "Good as Addressed above."

However, even if this form indicates that Duchacova may have given the La Jolla address as her own at some point *in the past*, it does not show that the La Jolla address is the *usual* mailing address for Duchacova, which it must be in order for service to be valid under Cal. Code Civ. P. 415.20(b). In addition, California law only permits substitute service if "a copy of the summons and complaint cannot with reasonable diligence be personally

delivered to the person to be served." Cal. Code Civ. P. 415.20(b).  Here, Levine stated in his complaint that Duchacova "is a citizen of and has lived for many years in Belgium."  It is not clear how Levine used reasonable diligence in effectuating personal service on Duchacova by repeatedly attempting service at the La Jolla residence.

### IV. Conclusion

Duchacova's motion to dismiss for insufficient service of process is **GRANTED**.  If Levine cannot serve her by either personal or substitute service, he should follow the relevant procedures for international service of process.  Because personal jurisdiction is not possible without proper service, Duchacova's motion to dismiss for lack of personal jurisdiction is also **GRANTED**.  This case is dismissed without prejudice.

**IT IS SO ORDERED**.

DATED: November 24, 2010

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge